UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

JOHN T. VEREEN                               Case No. 6:04-bk-01719-ABB
a/k/a JOHN TURNER VEREEN,

    Debtor.
_____/

JOHN T. VEREEN,

    Plaintiff,

vs.                                                    Adversary No. 04-00061

HOMEOWNER'S LAND TRUST,
NANCY SHINE, and THE FORECLOSED
HOMEOWNERS ASSISTANCE
PROGRAM, INC.,

    Defendants.
_____/

MEMORANDUM OPINION

At Orlando, in said District on the 2nd day of September, 2004, before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the Complaint for Avoidance and Recovery of Fraudulent Transfer. Appearing before the Court were Peter N. Hill, Esq., attorney for the Plaintiff. After reviewing the pleadings and evidence, and hearing live testimony and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

Plaintiff, John Vereen, the debtor, executed a quitclaim deed to his homestead property on February 11, 2004 in favor of Homeowner's Land Trust (Plaintiff's Exh. 3). Plaintiff's wife joined in the deed. The deed was notarized by Deborah Wills, an employee of BankFirst in Apopka, Florida. The deed appears on its face to have been witnessed by Sarah Simpson and Russell Inman. The deed was recorded on February 12, 2004 in Official Records Book 7304, Page 4384, Public Records of Orange County, Florida. The property is described as follows:

> The East 323.4 feet of the north 3/4 of the NE 1/4 of the NW 1/4 of Section 1, Township 21 South, Range 27 East, lying South of the Seaboard Air Line Railroad, Orange County, Florida.

Ms. Wills and Mr. Vereen testified at trial. The evidence is clear that neither Sarah Simpson nor Russell Inman were present at BankFirst when plaintiff and his wife executed the deed. Neither Ms. Wills nor Mr. Vereen knows Sarah Simpson or Russell Inman.

The evidence is also clear that Mr. Vereen was unaware that he was signing a deed to his property. He testified that defendant, Nancy Shine, told him that she was arranging for him to receive a grant for repairs to his property, and that she was helping him keep his property despite the pendency of a foreclosure action.

The deed is invalid for two reasons. First, section 689.01, Florida Statutes, requires two subscribing witnesses for a valid conveyance. The requirement is strictly construed. *See, e.g., American General Home Equity, Inc. v. Countrywide Home Loans, Inc.*, 769 So.2d 508 (Fla. 5th DCA 2000). Here, although there appear to be two subscribing witnesses, there are in fact no subscribing witnesses. Based on the uncontroverted evidence before the Court, the printed names of the witnesses and their signatures were added after the fact, after the deed was executed and

notarized, and without even obtaining from Mr. and Mrs. Vereen an acknowledgment that they had in fact signed the deed.

Second, plaintiff's transfer of the property is avoidable under section 522(h) of the Bankruptcy Code. The trustee has not attempted to avoid the transfer. The transfer, however, was avoidable by the trustee under section 548 of the Bankruptcy Code and recoverable under section 550 since the debtor was insolvent on the date of the transfer and he received less than reasonably equivalent value in exchange for the transfer. The testimony revealed that there is substantial equity in the property over and above the mortgage debt. Defendant, Homeowner's Land Trust, paid nothing in exchange for the deed.

Since the subject property constitutes the debtor's homestead under Article X, Section 4 of the Florida Constitution, the debtor could have exempted the property under section 522(b) of the Bankruptcy Code had it not been transferred shortly before bankruptcy. Moreover, the debtor did not conceal the property, and the transfer was not voluntary. *See, Berman v. Forti*, 232 B.R. 653 (D. Md. 1999)(transfer is involuntary when it results from fraud, material misrepresentation or coercion). The Court finds, based on the uncontroverted testimony of the debtor, which the Court deems credible, that Homeowner's Land Trust obtained record title to the debtor's property as a result of material misrepresentations made on its behalf by defendant, Nancy Shine. Accordingly, plaintiff has satisfied all of the elements of section 522(h) of the Bankruptcy Code.

Since the deed from plaintiff and his wife to Homeowner's Land Trust was invalid, the latter had no legal, equitable or beneficial interest in the property as a result of the deed. Therefore, the subsequent deed from Homeowner's Land Trust to The Foreclosed Homeowners' Assistance

Program (Plaintiff's Exh. 4) is also invalid and conveyed no interest of any kind in the subject property.

A separate judgment will be entered in accordance with F.R.B.P. 9021 avoiding both transfers and declaring both deeds invalid.

DONE and ORDERED at Orlando, Florida this 15th day of September, 2004.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge

Copies furnished to:

Peter N. Hill, 1851 W. Colonial Drive, Orlando, FL 32804
Mr. John T. Vereen, Post Office Box 327, Plymouth, FL 32768
Nancy Shine, P.O. Box 650, Clarcona, FL 32710
Homeowner's Land Trust, c/o Nancy Shine, P.O. Box 650, Clarcona, FL 32710
The Foreclosed Homeowners Assistance Program, Inc., c/o Roy E. Hardcastle, President, P.O. Box 13374, Maumelle, AR 72113

G:\3335\Vereen vs. Homeowners Land Trust\memorandum opinion.wpd